[S. F. No. 11710. In Bank.—January 24, 1928.]

ELWYN D. SEATON, Respondent, v. GARCIA & MAG-
GINI CO. (a Corporation), Appellant.

W. F. Cowan and A. W. Hollingsworth for Appellant.

Geary & Geary for Respondent.

LANGDON, J.—This is an appeal by the defendant from
a judgment against it for $4,845.98, damages for breach of
contract. The plaintiff was the owner of an apple orchard
in Sonoma County, California, and entered into a contract
with the defendant by which the defendant agreed to pur-
chase and the plaintiff to pick and deliver "all the Graven-
stein Apples, below specified and grown during the current
year on his (seller's) ranch." The seller agreed to haul
the apples from the plowed ground of the orchard and place
them in a convenient place to be loaded on autotrucks and
to assist the drivers of said trucks in loading the same. It
was also agreed that said apples were to be weighed at the
packing-house of the buyer at Sebastopol, California, and
that the buyer would furnish the necessary lug boxes for
harvesting the crop. The contract also contained the follow-
ing provision: "It is understood that the price paid for

these apples is sixty dollars per ton and is for fruit two inches in diameter and larger and is free from worms and any diseased imperfections which would cause same to be unfit for packing and drying.''

The complaint alleged that plaintiff had delivered to defendant 303,178 pounds of apples of the kind described in the contract, upon which there was a balance still due of $1,450.74; and as a second cause of action it was alleged that the defendant had failed and refused during the harvesting season, though repeated demands were made upon it to furnish lug boxes in sufficient quantity to harvest said crop of apples sold by plaintiff to defendant; that by reason of the failure of defendant to furnish a sufficient quantity of lug boxes or any boxes to harvest said crop of apples, many of the apples raised by the plaintiff and by the plaintiff sold under said contract to defendant fell from the trees on the plaintiff's ranch to the ground, and became unfit and unsuited for delivery by plaintiff to the defendant under said contract. It is also alleged that for the purpose of minimizing the damage to the defendant by reason of such failure of defendant to furnish boxes for harvesting of said apples, this plaintiff gathered said apples and sold them at the best price obtainable in the vicinity in which said apples were grown. It is alleged that by reason of the failure of the defendant to furnish said boxes, and the consequent necessity of a sale by plaintiff of the fallen apples (83⅓ tons) at a price of $6 per ton, the plaintiff has been damaged. It is also alleged that by reason of the failure of defendant to furnish the lug boxes in accordance with its contract, plaintiff was unable to harvest and sell for any purpose or any price 120 tons of apples of the kind and character described in the contract, resulting in additional damage to plaintiff in the sum of $7,200. Judgment was prayed for a total of over $13,000.

The findings conform substantially to the allegations of the complaint. The number of apples sold by the plaintiff at $6 per ton to minimize the damage caused by defendant's failure to furnish the lug boxes was found to be 82½ tons; that there fell to the ground and remained unsold, by reason of defendant's default, 6⅔ tons of apples described in said contract, all resulting in a loss to plaintiff of $4,845.98, the amount for which judgment was given.

The appeal is taken entirely upon questions of fact, no errors of law being alleged by appellant. The contentions in the briefs of appellant involve nothing more than an argument upon the evidence and the position taken is entirely without merit. An examination of the transcript and especially of that portion thereof printed in respondent's brief, which sets forth the testimony of several witnesses for the plaintiff, abundantly justifies the findings made by the trial court.

The defendant set up a counterclaim upon the theory that it had overpaid plaintiff for the apples actually received by it, as some of them were not in accordance with the specifications in the contract. Conceding to the appellant that its receipt and payment for the apples would not bar this counterclaim, if the facts supported it, nevertheless it is perfectly apparent from the entire record and from all the facts and circumstances surrounding this transaction that the trial court was justified in concluding that there was no merit in the claim set forth.

A detailed discussion of the evidence would serve no useful purpose; it has been carefully examined and found to abundantly support the findings, which justify the judgment given.

The contention of appellant that it was the duty of the plaintiff to secure lug boxes elsewhere upon breach by defendant of the provision of the contract relating thereto is without merit under the facts of this case. The record shows that the defendant promised time and again to furnish sufficient boxes; that the plaintiff, from day to day, waited and telephoned and demanded boxes, and that plaintiff's losses occurred gradually while he was waiting, in reliance upon defendant's promises. It is also a fair inference from the testimony appearing in the record that there were no lug boxes to be had in the vicinity during the packing season. Plaintiff was in a helpless situation when defendant breached his contract under the circumstances shown in the record and he seems to have done what he could to minimize the loss.

The judgment appealed from is affirmed.

Curtis, J., Preston, J., Shenk, J., Richards, J., Seawell, J., and Waste, C. J., concurred.